IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHANTELL D. NEWMAN, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 23-1378-RGA |
| WILMINGTON POLICE DEPARTMENT, et al., | : |
| Defendants. | : |

Shantell D. Newman, Wilmington, Delaware.  Pro Se Plaintiff.

## MEMORANDUM OPINION

October 3, 2024
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Shantell D. Newman appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4). She commenced this action on December 4, 2023, with the filing of the Complaint. (D.I. 2). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). Plaintiff alleges: "My son John[1] was in the Rockford Center because he wasn't properly diagnosed with Autism. My son told Rockford Center his intent to harm. Rockford Center told me if I don't do what's asked, my son will be given to the state. I did what they asked and my son came home and wasn't fully better. Now the police, who framed me and tried killing me and my children want me to bring my daughter to the police department so they can coach her. I believe the officers are mad they didn't get what they wanted. I want a federal investigation done on how they got a command. All crimes are commercial." (D.I. 2 at 5) (edited for readability).

Regarding injuries, Plaintiff states: "[M]y daughter is scared and I am scared of the police." (*Id.* at 7). Regarding relief sought, Plaintiff states: "10 million—The department and Rockford to be held accountable." (*Id.*).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening

---

[1] Plaintiff uses her son's name. I have replaced it with "John" on the assumption that the son is a minor and should not have his name in this opinion.

provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Plaintiff's Complaint fails to state a claim upon which relief can be granted. Based on the facts alleged, Plaintiff's claims appear to involve mistreatment or retaliation by law enforcement or other government officials. However, Plaintiff's claims, and the laws upon which they are based, are never stated in the Complaint, and they cannot be sufficiently discerned from the facts alleged. Additionally, Plaintiff requests a federal criminal investigation into the Rockford Center, which the Court cannot order by way of this action, and $10 million in damages for reasons unspecified beyond that Plaintiff and her daughter fear police. Finally, no dates are included with the facts alleged, so it is also unclear whether the Complaint is timely.

In sum, Defendants cannot properly respond to the Complaint as pled, and the Complaint must be dismissed for failure to state a claim. Plaintiff will be given leave to file an amended complaint. To the extent that Plaintiff intends to raise § 1983 claims—

an amended complaint may only raise § 1983 claims based on facts occurring on or after December 4, 2021 (two years before Plaintiff filed the Complaint in this matter) because § 1983 claims are subject to a two-year limitation period, pursuant to Delaware law.  *See Wilson v. Garcia*, 471 U.S. 261, 275 (1985); 10 Del. C. § 8119; *Johnson v. Cullen*, 925 F. Supp. 244, 248 (D. Del. 1996).

## CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff will be given leave to amend.

An appropriate Order will be entered.

4